Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## IN CHARLESTON

| | |
|---|---|
| IN RE:<br><br>RICHARD MICHAEL MARTIN<br>and NANETTE MARIE MARTIN,<br><br>        Debtors. | CASE NO. 2:15-bk-20581<br><br>CHAPTER 7<br><br><br>JUDGE FRANK W. VOLK |
| MARY GAIL HUNDLEY,<br><br>        Plaintiff,<br>v.<br><br>RICHARD MICHAEL MARTIN,<br><br>        Defendant. | ADVERSARY PROCEEDING NO.<br>2:16-ap-02035 |

## ORDER GRANTING DEFENDANT'S MOTION
## TO DISMISS COMPLAINT FILED OUT OF TIME

This matter is before the Court on Defendant Richard Michael Martin's Motion to

Dismiss the Complaint Filed Out of Time (docket no. 5).

Mary Gail Hundley initiated this adversary proceeding on March 18, 2016. She

alleges that a debt owed to her by Mr. Martin should be declared nondischargeable pursuant to 11

U.S.C. § 523(a)(4).

Mr. Martin and his wife filed the underlying Chapter 7 Petition on November 10,

2015. The § 341 Meeting of Creditors was originally set for December 18, 2015, but was

subsequently reset for January 8, 2016. Federal Rule of Bankruptcy Procedure 4007(c) states that

a complaint to determine dischargeability of a debt under § 523(c) must be undertaken "no later

than 60 days after the *first date* set for the meeting of creditors under § 341(a)." Fed. R. Bank. P.

4007(c) (2012) (emphasis added).  Thus the deadline for filing the nondischargeability complaint

was February 16, 2016, which was specified in the notice of the § 341 Meeting (docket no. 11).

Moreover, under Rule 4007(c), after a motion and a hearing, a court may "for cause extend the

time fixed under this subdivision." Fed. R. Bank. P. 4007(c) (2012).  No such motion to extend

was filed and, as noted, Ms. Hundley's did not commence her action until March 18, 2016, thirty-

one (31) days after the deadline.

        Ms. Hundley contends that she provided Mr. Martin with notice of her intent to

file an adversary proceeding.  She asserts that her filing of a proof of claim (no. 10-1) in the main

case on January 29, 2016, constituted sufficient notice of her intent to file a nondischargeability

action, such that her Complaint should "relate back" to the proof of claim deadline and should be

considered timely filed.  Courts have "generally allow[ed] an untimely complaint to relate back to

a timely proceeding, 'if the pleading substantially complies with the requirements of a complaint

by giving the debtor "fair notice of what the plaintiff's claim is and the grounds upon which it

rests."'" *Highgrove, LC v. Holcombe (In re Holcombe)*, 2006 Bankr. LEXIS 2540, *6 (Bankr.

E.D. Va. May 18, 2006) (quoting *In re Dominguez*, 51 F.3d 1502, 1508 (9th Cir. 1995)).  This

sensible approach using a factoring analysis applies "[w]here a party files a pleading in the form

of a contested matter prior to the Rule 4007(c) deadline followed by an 'untimely but stylistically

proper' complaint . . . .'" *Holcombe*, 2006 Bankr. LEXIS 2540 (quoting *Calendario v. Pagan (In

re Pagan),* 282 B.R. 735, 738 (Bankr. D. Mass. 2002)).  At the same time, "[c]ourts usually find

pleadings that do not object to discharge, such as a motion for relief from stay, to be insufficient

to meet the requirements of Rule 7008." *Holcombe*, 2006 Bankr. LEXIS 2540 at *10 (*citing In re

McGuirt*, 879 F.2d 182 (5th Cir. 1989) and *Classic Auto Refinishing v. Marino (In re Marino)*, 37

F.3d 1354 (9th Cir.1994)).

The Plaintiff's previous filing was simply a Proof of Claim, which is not substantially similar to a Complaint.  A Complaint, which is governed in adversary proceedings by Rule 7008, is a formal statement which must present the facts and claims for relief.  In contrast, a Proof of Claim only requires that the Creditor identify the Debtor, the amount owed, and the basis for the claim.  In this case, the Proof of Claim simply indicated Ms. Hundley's understanding that she was owed money in Mr. Martin's bankruptcy case.  The Proof of Claim she filed made no mention of 11 U.S.C. § 523(a)(4) or of her intent to object to the dischargability of the claim.  Thus the Plaintiff's Complaint may not relate back to the Proof of Claim inasmuch as it is insufficient to satisfy the requirements of Rule 7008.

It is, accordingly, **ORDERED** that Defendant Richard Michael Martin's Motion to Dismiss Complaint Filed Out of Time be, and is hereby, **GRANTED.**